UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN S. OATES,

        Plaintiff,        Case No.: 8:12-cv-908-T-33TGW

v.

WALGREEN COMPANY,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff's Motion to Strike Affirmative Defenses (Doc. # 14), which was filed on July 25, 2012. For the reasons that follow, the Court denies the Motion.

## I. Background

Plaintiff alleges that he became permanently disabled on May 22, 2009, and that Defendant unlawfully denied disability benefits pursuant to an ERISA Plan. Plaintiff accordingly filed his two count Complaint against Defendant on April 25, 2012, alleging Recovery of Benefits (count one) and Failure to Provide Full and Fair Review (count two). (Doc. # 1). Defendant filed its Answer and Defenses (Doc. # 12) on June 11, 2012. Defendant asserts five Defenses. Plaintiff seeks an order striking Defenses 1, 2, and 5, which follow:

**First Defense**

> To the extent the Complaint fails to state a claim upon which relief can be granted, the Complaint

should be dismissed.

### Second Defense

By the terms of the Plan under which Plaintiff claims benefits and sues upon, Walgreens, as administrator of the Plan, was delegated sole authority to exercise its discretion to interpret all terms of the Plan and to make eligibility determinations for benefits under the Plan. Walgreens exercised such discretion in concluding that Plaintiff was no longer eligible for benefits under the Plan. Accordingly, Walgreens' determination should be given deference and reviewed pursuant to the arbitrary and capricious standard.

### Fifth Defense

At all times, Walgreens complied with the terms of ERISA and ERISA's corresponding regulations.

(Doc. # 12 at 8-9).

## II. Legal Standard

Affirmative defenses are subject to the general pleading requirements of Rule 8. Rule 8(b)(1)(A), Fed.R.Civ.P., requires that a party "state in short plain terms its defenses to each claim asserted against it." Defendant's description of its defenses satisfies Rule 8.

Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Fed.R.Civ.P., which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court has broad discretion in ruling on a motion

to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-60498/RV, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). Further, as stated in Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 8:97-cv-2866-T-17B, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." Ayers v. Consol. Constr. Servs. of SW Fla., Inc., 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." Fla. Software Sys., 1999 U.S. Dist. LEXIS 15294, at *4.

### III. Analysis

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." Bluewater Trading, LLC v. Willimar USA, Inc., No.

07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008). Rule 8(c)(1) includes a list of affirmative defenses, such as accord and satisfaction, estoppel, laches, res judicata, and waiver.

The Defenses at issue are not true affirmative defenses. They do not admit the allegations of the Complaint but avoid liability based upon some negating factor. Rather, Defendant raises in such Affirmative Defenses factual and legal issues bearing on the sufficiency and merits of Plaintiff's Complaint. This Court is not inclined to strike the Defenses. As explained in Ohio National Life Assurance Corp. v. Langkau, No. 3:06-cv-290, 2006 U.S. Dist. LEXIS 60062, at *6-7 (M.D. Fla. Aug. 15, 2006):

> In attempting to controvert an allegation in the complaint, the defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader. If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology. The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.

Id. (citing 5 Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 1269 (2d ed. 1991), pp. 409-10).

In the Complaint, Plaintiff seeks an order finding that Defendant arbitrarily and capriciously denied disability benefits in a manner repugnant to the terms of a written employee benefit plan and in contravention of ERISA law. The Defenses at issue attack the merits of the Complaint and aver that Defendant complied with the letter of the law. The Court determines that each of the questioned Defenses passes muster under the standards noted above. The Defenses put into issue relevant and substantial legal and factual questions. Furthermore, the Defenses relate squarely to the controversy, do not confuse the issues, and do not appear to cause prejudice to any party. The Court thus denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Strike Affirmative Defenses (Doc. # 14) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of July 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record